IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERI L. GALOWNIA,                          No.  CIV.S-04-1332 DAD

       Plaintiff,

   v.                                       ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

       Defendant.
_____/

       This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

       Plaintiff Cheri Lynn Galownia applied for Disability Insurance Benefits under Title II of the Social Security Act (the

1

"Act"). (Transcript (Tr.) at 75-77.) The Commissioner denied plaintiff's application initially and on reconsideration. (Tr. at 64-67, 69-72.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on September 16, 2003, at which time plaintiff was represented by an attorney. (Tr. at 31-50.) In a decision issued on December 17, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 9-22.) The ALJ entered the following findings:

> 1. The claimant met the disability insured status requirements of the Act on April 7, 1997, the date the claimant stated she became unable to work, and continues to meet them through September 30, 2001.
>
> 2. The claimant has not engaged in substantial gainful activity since her alleged onset date.
>
> 3. The medical evidence establishes that the claimant has severe synovitis and chondromalacia, impairments which cause significant vocationally relevant limitations, but that she does not have [an] impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, and Regulations No. 4.
>
> 4. The claimant's allegations regarding the degree of her pain and other symptoms are found to be not fully credible for the reasons stated above.
>
> 5. The claimant has the residual functional capacity to perform the physical exertion requirements of work as follows: the claimant is limited to sedentary work with an ability to lift ten pounds occasionally, less than ten pounds frequently; stand and walk for at least two hours in an eight hour day; and sit for up to six hours in an eight hour day. The undersigned also finds that climbing, kneeling and crawling should be

2

                    limited to occasional.  There are no nonexertional limitations (20 CFR 404.1545).

6. The claimant is unable to perform her past relevant work as a claims adjustor, cashier, courier or stock person but she is able to perform her past relevant work as a receptionist.

7. The claimant is 37 years old, which is defined as a younger individual (20 CFR 404.1563).

8. The claimant has a high school education (20 CFR 404.1564).

9. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.

10. Section 404.1569 of Regulations No. 4 and Rules 201.29, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education and work experience, [she] is not disabled.

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

(Tr. at 21-22.)  The Appeals Council declined review of the ALJ's decision on May 5, 2004.  (Tr. at 5-7.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on July 6, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  <u>Schneider v. Comm'r of the Soc. Sec. Admin.</u>, 223 F.3d 968, 973 (9th Cir. 2000);

1  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.
2  1999).  The findings of the Commissioner as to any fact, if supported
3  by substantial evidence, are conclusive.  See Miller v. Heckler, 770
4  F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant
5  evidence as a reasonable mind might accept as adequate to support a
6  conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,
7  995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401
8  (1971)).

9         A reviewing court must consider the record as a whole,
10 weighing both the evidence that supports and the evidence that
11 detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The
12 court may not affirm the ALJ's decision simply by isolating a
13 specific quantum of supporting evidence.  Id.; see also Hammock v.
14 Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence
15 supports the administrative findings, or if there is conflicting
16 evidence supporting a finding of either disability or nondisability,
17 the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d
18 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
19 improper legal standard was applied in weighing the evidence, see
20 Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

21         In determining whether or not a claimant is disabled, the
22 ALJ should apply the five-step sequential evaluation process
23 established under Title 20 of the Code of Federal Regulations,
24 Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137,
25 140-42 (1987).  This five-step process can be summarized as follows:
26 /////

4

>Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
>Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances three arguments in her motion for summary judgment.  First, she asserts that the ALJ erred at step two of the sequential evaluation by failing to find plaintiff's alleged fibromyalgia to be a severe impairment.  Second, plaintiff maintains that the ALJ failed to fully develop the record with respect to the chronic pain related to plaintiff's knee condition and her fibromyalgia.  Third, plaintiff argues that the ALJ should have taken

testimony from a vocational expert at the administrative hearing. The court addresses plaintiff's arguments below.

Beginning with plaintiff's first argument, it is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Yuckert, 482 U.S. at 153. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" Smolen, 80 F.3d at 1290 (citations omitted). See also 20 C.F.R. §§ 404.1521(a), 416.921(a).

Here, the ALJ recognized that "the record shows that multiple physicians have diagnosed the claimant with fibromyalgia." (Tr. at 19.) Nonetheless, the ALJ ultimately found plaintiff's fibromyalgia to be non-severe because "[i]t appears that the fibromyalgia diagnosis has been primarily based upon the claimant's subjective complaints for which there is no objective support." (Tr. at 19.) The ALJ erred in this regard. The Ninth Circuit has explained that fibromyalgia is diagnosed entirely on the basis of a patient's reports of pain and other symptoms and while there exists a generally agreed-upon set of diagnostic criteria, there are no laboratory tests that will confirm the diagnosis. See Benecke v.

1  Barnhart, 379 F.3d 587, 589-90 (9th Cir. 2004); Jordan v. Northrop
2  Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 872 (9th Cir.
3  2004); Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001).
4  Therefore, the court finds that the ALJ committed legal error in
5  rejecting plaintiff's diagnosis of fibromyalgia simply because it was
6  based solely on subjective complaints and unsupported by objective
7  findings.

8         Further, the record indicates that plaintiff's fibromyalgia
9  does limit her ability to work.  Plaintiff's treating physician
10 regularly assessed plaintiff with chronic intractable pain secondary
11 to fibromyalgia and observed on one occasion that plaintiff generally
12 was disabled and unable to keep a schedule as a result of her
13 condition.  (Tr. at 185.)  An examining neurologist (Tr. at 333-42)
14 and one of the nonexamining state agency physicians (Tr. at 271-78)
15 similarly found plaintiff functionally limited to a significant
16 degree due to her fibromyalgia and the resulting pain.  While this
17 evidence may not ultimately lead to a finding of disability, it
18 clearly indicates that plaintiff's fibromyalgia has more than a
19 minimal effect on her ability to work.  Plaintiff's medical history
20 reflects that she suffered from something more than a slight
21 abnormality during the relevant time period.  Thus, the ALJ erred at
22 step two of the sequential evaluation in not finding plaintiff's
23 fibromyalgia to constitute a severe impairment.  In reaching this
24 conclusion the court is particularly mindful that the step-two
25 inquiry is but "a de minimis screening device to dispose of
26 groundless claims."  Smolen, 80 F.3d at 1290 (citing Yuckert, 482

U.S. at 153-54).  See also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Remand is required so that the ALJ can proceed beyond step two of the sequential evaluation process with respect to plaintiff's severe impairment of fibromyalgia.

Next, the court will address plaintiff's briefly argued contention that the ALJ had a duty to re-contact plaintiff's treating physician as well as to order an additional consultative examination regarding the chronic pain related to plaintiff's fibromyalgia and knee.  An ALJ should seek additional evidence or clarification from a claimant's treating physician when a report from that physician "contains a conflict or ambiguity that must be resolved, ... does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).  See also Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001)("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.")  Such an ambiguity or insufficiency in the evidence may also require an additional consultative examination.  See Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001).

Here, the court agrees with defendant that the record was not so ambiguous or insufficient as to require an additional consultative examine.  The thorough neurological evaluation of plaintiff carried out on June 17, 2003, and resulting reports are not in need of clarification.  (Tr. at 333-42.)  On the other hand, there

is no functional capacity assessment in the record from plaintiff's treating physician, Lee T. Snook, Jr., M.D.  As indicated above, Dr. Snook observed on one occasion that plaintiff generally was disabled and unable to keep a schedule due to her condition.  (Tr. at 185.) That observation appears to be ambiguous for purposes of determining whether or not plaintiff is disabled for social security purposes and the ALJ should have done more to fulfill his obligation of fully and fairly developing the record in this regard.  See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  Therefore, on remand the ALJ shall contact Dr. Snook so that he may render his specific opinion regarding the extent of plaintiff's functional limitations, if any.

        Finally, having determined that the ALJ erred in not considering plaintiff's fibromyalgia beyond step two, it is not necessary to address plaintiff's assertion regarding the ALJ's use of the medical-vocational guidelines (the "grids").  On remand the ALJ will be required to reconsider whether the grids "accurately and completely describe the claimant's abilities and limitations," taking into account the nonexertional limitations imposed by plaintiff's fibromyalgia.  Burkhart, 856 F.2d at 1340 (citing Jones, 760 F.2d at 998).  See also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998); 20 C.F.R. Pt. 404, Subpart P, App. 2, § 200.00(b).[1]

/////

---

[1] When a claimant's nonexertional limitations are sufficiently severe to significantly limit the range of work permitted by exertional limitations, the grids are inapplicable.  See Burkhart, 856 F.2d at 1340.  Thus, while the determination in the first instance is the ALJ's to make, it appears likely that the testimony of a vocational expert will be required on remand.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment is granted in part and denied in part; and

3. The decision of the Commissioner of Social Security is reversed, and this case is remanded for rehearing consistent with the analysis set forth herein.  See 42 U.S.C. § 405(g), Sentence Four.

DATED: August 30, 2005.

                        /s/ Dale A. Drozd
                        DALE A. DROZD
                        UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\galownia.order